## PROVIDENCE COUNTY.

### LYMAN G. HORTON *vs.* THE LICENSE COMMISSIONERS OF CENTRAL FALLS.

An applicant for a license to sell intoxicating liquors under chapter 816 of the Public Laws, passed August 1, 1889, is not disqualified from receiving such license by reason of having been convicted in a District Court of a violation of sec. 24 of said chapter, when an appeal from the judgment and sentence of said Court had been duly taken and filed, and the complaint was subsequently discontinued in the Appellate Court.

CERTIORARI.

*November* 30, 1896. PER CURIAM. The applicant for a license to sell intoxicating liquors in this case was, on November 13, 1895, a holder of a license for the sale of intoxicating liquors, and was convicted on that date, in the District Court of the Eleventh Judicial District, of the offence of selling liquor on Sunday, in violation of Pub. Laws R. I. cap. 816, § 24, and was sentenced to pay a fine of twenty dollars, the costs of prosecution, and to be imprisoned in the Providence county jail for ten days. From this judgment and sentence he appealed to the Common Pleas Division of this court. This appeal was duly filed in the Common Pleas Division, at the September session, 1895, and subsequently, during the same session, discontinued.

Pub. Laws R. I. cap. 816, § 24, after prohibiting the sale of liquors enumerated in the previous sections of the chapter on Sunday, except by pharmacists on physicians' prescriptions, and after providing for the punishment for violations of the section, further provides that in case such violation be

by a person holding a license for the sale of intoxicating liquors, that the license shall be forfeited, and such person shall be disqualified to receive a license for the sale of intoxicating liquors for the period of five years after his conviction.

The question is whether, on the facts stated above, the applicant is disqualified by § 24 to receive a license for the sale of intoxicating liquors.   We think the question must receive a negative answer, because there is no judgment of conviction remaining against the applicant.   His conviction in the District Court was vacated by the appeal to the Common Pleas Division, and, the complaint having been subsequently discontinued in the Common Pleas Division without a trial, no judgment of conviction was ever entered upon it.

An order may be entered approving and remitting the record to the license commissioners.

*James A. Williams*, for petitioner.

*Benjamin M. Bosworth*, for respondents.

---

*Edward C. Dubois, Attorney General,* for the State.
*Clark H. Johnson,* for respondent.